# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 22, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KEITH D. GIBSON,**
**Claimant Below, Petitioner**

**vs.)    No. 16-1117** (BOR Appeal No. 2051344)
(Claim No. 2014001954)

**ARACOMA COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Keith D. Gibson, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aracoma Coal Company, Inc., by Sean Harter, its attorney, filed a timely response.

The issue on appeal is whether there is any permanent partial disability related to occupational pneumoconiosis. The claims administrator found that there was no permanent partial disability related to occupational pneumoconiosis on March 31, 2014. The Office of Judges affirmed the claims administrator's decision on May 27, 2016. The Board of Review affirmed the Order of the Office of Judges on October 25, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gibson, a coal miner for Aracoma Coal Company, Inc., completed and signed a report of occupational pneumoconiosis on March 11, 2013, alleging that he had been exposed to the hazards of occupational pneumoconiosis for fifteen to twenty years. On July 2, 2013, a physician's report of occupational pneumoconiosis was completed and signed by Abdul Mirza, M.D., of the New River Breathing Center. Mr. Gibson complained of dyspnea on walking short

1

distances. He never had pneumonia, pleurisy, asthma, tuberculosis, angina pectoria, coronary occlusion, rheumatic heart disease, or congestive heart failure. Mr. Gibson has arthritis joint pain. Chest x-rays and pulmonary function studies were obtained on April 9, 2013, and the doctor noted suppressed breath sounds.

The case was referred to the Occupational Pneumoconiosis Board and they issued a February 13, 2014, report. The Occupational Pneumoconiosis Board stated it could not make a diagnosis of occupational pneumoconiosis. The Occupational Pneumoconiosis Board concluded that Mr. Gibson had been exposed to a dust hazard for approximately twenty-eight years. The Occupational Pneumoconiosis Board reviewed the New River Breathing Clinic pulmonary function study performed on April 9, 2013, as well as the Occupational Pneumoconiosis Board's findings on physical examination by members, pulmonary function studies, and x-rays of the chest. The Occupational Pneumoconiosis Board noted that Mr. Gibson was diagnosed with chronic obstructive pulmonary disease in 2012. Mr. Gibson was in good general clinical condition and was not in any respiratory distress at rest. There were no rales or wheezing present. There was an irregular heartbeat. Exercise was not performed due to irregular heartbeat. Chest views show insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. Based on these findings the Occupational Pneumoconiosis Board could not find occupational pneumoconiosis or any impairment related to it. Accordingly, the claims administrator denied a permanent partial disability award on March 31, 2014.

On May 20, 2015, a hearing was held before the Occupational Pneumoconiosis Board. John Willis, M.D., the Occupational Pneumoconiosis Board radiologist reviewed the single frontal projection chest film dated February 13, 2014, which was of good quality and showed no parenchymal or pleural disease to document occupational pneumoconiosis and no other disease process. He found insufficient evidence to diagnose occupational pneumoconiosis. Jack Kinder, M.D., chairman of the Occupational Pneumoconiosis Board, agreed with Dr. Willis's interpretation. The Occupational Pneumoconiosis Board's study of February 13, 2014, was normal. The single breath diffusion study showed a carboxyhemoglobin of 2.7, which was within acceptable limits. Mr. Gibson's DLCO was 76% of its predicted value and his DL/VA was 82% of its predicted value. The DL/VA was used to make a recommendation of impairment originally. Dr. Kinder noted that in April or May of 2014, the Occupational Pneumoconiosis Board began using the DLCO more heavily in cases of occupational pneumoconiosis and Mr. Gibson herein would have 10% impairment based on the presumptive statute. After much deliberation, Dr. Kinder opined that the DLCO was a more appropriate measure of Mr. Gibson's impairment that the DL/VA. He attributed 10% impairment to occupational pneumoconiosis. There is insufficient evidence to rebut the presumption that any chronic respiratory impairment Mr. Gibson has is due to his occupational exposure. A smoking history does not necessarily cause impairment. Mr. Gibson had no abnormalities related to his smoking habit. There was no other disease process revealed on the x-ray. Dr. Kinder opined that in most cases the DLCO would be the most accurate reflection of actual diffusion in regards to pneumoconiosis. Dr. Patel agreed with Dr. Willis and Dr. Kinder. He concluded Mr. Gibson had 10% impairment of pulmonary function based on the diffusion abnormality. The Occupational Pneumoconiosis Board noted that neither the Occupational Pneumoconiosis Board's study nor the New River study noted rales or wheezing. Dr. Henry noted that Mr. Gibson does not have obstructive lung

disease. His spirometry is normal so he does not have permanent impairment caused by chronic obstructive pulmonary disease. He is treated with Advair and ProAir which is used to treat chronic obstructive pulmonary disease or other issues like intermittent bronchospasm, seasonal asthma.

The Office of Judges issued a May 28, 2015, Order which reversed the claims administrator decision and Mr. Gibson was granted a 10% award for occupational pneumoconiosis. The Adjudicator stated that it is apparent that the Occupational Pneumoconiosis Board has some latitude regarding the testing it relies on to determine the percentage of pulmonary impairment. The Occupational Pneumoconiosis Board permissibly found that in the instant matter the DLCO is the more appropriate indicator of Mr. Gibson's impairment and clearly articulated the basis for this decision. The Adjudicator concluded that the opinion of the Occupational Pneumoconiosis Board at hearing is not clearly wrong in view of the reliable, probative, and substantial evidence on the whole record, and based on the Occupational Pneumoconiosis Board's recommendations, found that Mr. Gibson has 10% impairment due to occupational pneumoconiosis. The employer appealed this decision and by Order dated October 13, 2015, the claim was remanded to the Office of Judges to issue a new time frame order to allow for the full and complete development of the evidence and at the appropriate time, schedule another hearing with the Occupational Pneumoconiosis Board. By Order of the Office of Judges dated November 13, 2015, the claim was returned to litigation and the parties given additional time to complete evidentiary development.

On December 28, 2015, Mr. Gibson reported to the Occupational Lung Center for testing. His test was interpreted as a better study than the previous one and that the DLCO and the DL/VA and the re- and post-bronchodilator results were all within normal limits. On May 4, 2016, a hearing was held at the Occupational Pneumoconiosis Board. Dr. Willis identified films of good quality, showing no evidence of parenchymal or pleural occupational pneumoconiosis. Dr. Kinder reviewed the December 28, 2015, report from the Occupational Lung Center noting it was the better study and that the DLCO and the DL/VA and the pre- and post-bronchodilator results were all within normal limits. Based on that report and other evidence of record, Dr. Kinder concluded that there was insufficient evidence to justify a diagnosis of occupational pneumoconiosis and no permanent impairment. Mr. Gibson acknowledged a thirty-five-pack-year history of cigarette smoking which would be sufficient to cause shortness of breath. Mr. Gibson also had a history of wheezing, a symptom of chronic obstructive pulmonary disease with which Mr. Gibson was diagnosed in 2012. The Occupational Pneumoconiosis Board opined that this was caused by the cigarette smoking. It was noted that Mr. Gibson's pulmonary function improved between February 13, 2014, and December 28, 2015. Because occupational pneumoconiosis is a permanent disease, the Occupational Pneumoconiosis Board found that this improvement would not be expected in a person who suffers from occupational pneumoconiosis. The Occupational Pneumoconiosis Board concluded that any temporary impairment reflected in the February 13, 2014, diffusion capacity study would be due to some other factor besides occupational pneumoconiosis. Dr. Kinder noted that the December 28, 2015, study did not contain a carboxyhemoglobin because of technical problems at the lab that day. However, even if it is assumed that Mr. Gibson has an elevated carboxyhemoglobin he still had a normal flow. The Occupational Pneumoconiosis Board explained that the carboxyhemoglobin test is used to

invalidate when there is an abnormal diffusion. The Occupational Pneumoconiosis Board concluded that not having a carboxyhemoglobin test in this instance was immaterial. The Occupational Pneumoconiosis Board found that Mr. Gibson did not suffer from occupational pneumoconiosis and had no whole person impairment related to occupational pneumoconiosis.

The Office of Judges found that Mr. Gibson was not entitled to any permanent partial disability related to occupational pneumoconiosis. The Office of Judges noted that the Occupational Pneumoconiosis Board could not make a diagnosis of occupational pneumoconiosis. The Office of Judges found that Mr. Gibson was diagnosed with chronic obstructive pulmonary disease in 2012. The chest images showed insufficient pleural or parenchymal changes to establish a diagnosis of occupational pneumoconiosis. Dr. Willis, the Occupational Pneumoconiosis Board radiologist, found insufficient evidence to diagnose occupational pneumoconiosis. Dr. Kinder noted the December 28, 2015, study was the better study and Mr. Gibson's DLCO, DL/VA, and pre- and post-bronchodilator results were all within normal limits. Based on that report and other evidence of record, Dr. Kinder concluded that there was insufficient evidence to justify a diagnosis of occupational pneumoconiosis and no permanent impairment due to the same. The Office of Judges found that the findings of the Occupational Pneumoconiosis Board at the May 4, 2016, hearing were not clearly wrong and adopted its findings. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on October 25, 2016.

After review, we agree with the decision of the Office of Judges as affirmed by the Board of Review. The Occupational Pneumoconiosis Board after much deliberation concluded that there was no evidence of occupational pneumoconiosis and no reliable evidence of permanent impairment. The Office of Judges adopted the conclusions of the Occupational Pneumoconiosis Board. Because the Occupational Pneumoconiosis Board's decision was supported by the evidence and was not clearly wrong, the Office of Judges and Board of Review were correct in adopting its conclusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 22, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis

4

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker